## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

POTASH CORPORATION OF       \*
SASKATCHEWAN       \*

      \*

vs.       \*Case NO. _____

      \*

BUNKERFUELS CORPORATION and       \*
WESTPORT PETROLEUM, INC.       \*

## COMPLAINT

Plaintiff, Potash Corporation of Saskatchewan ("PCS" or "Plaintiff"), appearing through undersigned counsel, for its Complaint against the Defendants, Bunkerfuels Corporation ("Bunkerfuels") and Westport Petroleum, Inc. ("Westport") (Bunkerfuels and Westport collectively, "Defendants"), alleges as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 United States Code § 1333 in that this matter involves a maritime claim. Alternatively, the Court has jurisdiction under 28 United States Code § 1332 in that it involves citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Venue is appropriate under 28 U.S.C. § 1391(b)(2) and/or applicable forum selection provisions.

2.      At all material times, Plaintiff PCS was and is a foreign corporation organized and operating pursuant to the laws of a foreign country, and was the charterer of the M/V BW SOMBEKE, an ocean going tanker vessel flying under the flag of the Bahamas.

3.      At all material times, Defendant Bunkerfuels was and is a foreign corporation with its principal place of business in New Jersey and, on information and belief, is in the business of brokering the supply of bunkers and marine fuels to vessels operating in the territorial waters of the United States and other areas.

4.      At all material times, Defendant Westport was and is a foreign corporation with its principal place of business in Pasadena, California, and, on information and belief, is a supplier of bunkers and marine oils to vessels operating in the territorial waters of the United States and other areas.

5.      On or about February 28, 2006, PCS entered into a Shelltime 3 form charter party whereby it agreed to charter the M/V BW SOMBEKE from her owners, Exmar Marine N.V. ("Exmar"), for a period of ten (10) years.  Under the terms of the charter party, PCS agreed to provide and pay for all marine fuel (bunkers) to be consumed by the vessel during the term of the charter.

6.      To facilitate its provision of bunkers for the BM SOMBEKE, PCS engages the services of agents including but not limited to Overseas Marine Services, Inc. ("Overseas Marine"), to negotiate and enter into agreements for the purchase of bunkers on PCS's account.

7.      On or about April 6, 2010, Overseas Marine, on instructions from and acting as agent for PCS, ordered 1,200.00 metric tons of Intermediate Fuel Oil (IFO) from Bunkerfuels for delivery in the port of New Orleans, Louisiana.

8.      Also on or about April 6, 2010, Bunkerfuels confirmed acceptance of PCS's order and sent written confirmation to Overseas Marine memorializing the agreement.  *See* Confirmation Agreement, attached as Exhibit "A".  Pursuant to the terms of Bunkerfuels' Confirmation, Bunkerfuels agreed to have delivered to the BW SOMBEKE on April 11, 2010, at New Orleans a quantity of 1,200.00 metric tons of IFO conforming to the specification "380CST/ISO 8217:2005 RMG 380" at a price of $477.00/metric ton.  The Confirmation Agreement further specified upon Bunkerfuels' nomination that the IFO would be supplied to the vessel by Westport Petroleum, Inc., and stated: "This confirmation is governed by and

incorporates by reference seller's general terms and conditions in effect as of the date that this confirmation is issued." *Id.*

9.     On April 11, 2010, while the BW SOMBEKE was at Ama Anchorage in the Mississippi River, barges under instruction of Westport agents and carrying the bunkers Westport was to supply to the BW SOMBEKE in accordance with the Bunkerfuels Confirmation Agreement came alongside and transferred 1,199.232 metric tons of product to the vessel. The product (hereinafter the "Bunkerfuels/Westport bunkers") was delivered into an empty and clean fuel tank onboard the BW SOMBEKE where it was to be stored until such time as it was consumed by the vessel.

10.     At the time of the delivery of bunkers to the BW SOMBEKE, representatives of Westport provided the Master and/or Chief Engineer of the BW SOMBEKE with a Marine Fuel Bunker Delivery Receipt confirming their agreement to deliver approximately 1,200.00 metric tons of IFO conforming to IF380 specifications. *See* Westport Agreement, attached as Exhibit "B". The signed Westport Agreement further specified: "This sale is subject to the Westport Petroleum Inc. Terms and Conditions for Bunkers Sales." *Id.*

11.     On or about April 14, 2010, and subsequent dates when the BW SOMBEKE attempted to consume the Bunkerfuels/Westport bunkers, the BW SOMBEKE experienced engine failures and other mechanical breakdowns caused by contaminants and/or defects in the Bunkerfuels/Westport bunkers. These engine failures and other mechanical breakdowns resulted in damage to the BW SOMBEKE and downtime of the vessel.

12.     By selling contaminated and/or off-specification bunkers to PCS, Bunkerfuels breached the terms of the Confirmation Agreement. This breach resulted in damages to PCS in an amount to be proven at trial of this matter.

13.     By supplying and delivering off-specification bunkers to PCS, Westport breached the terms of the Westport Agreement.  This breach resulted in damages to PCS in an amount to be proven at trial of this matter in an amount in excess of $572,000.00.

14.     In the alternative, the provision of off-specification and/or contaminated bunkers to PCS by Bunkerfuels and Westport was caused by the negligence of Bunkerfuels and Westport in the following non-exclusive particulars:

a) Failure to hire a supplier reasonably capable of delivering bunkers as specified;

b) Failure to properly determine the condition of the bunkers prior to delivery;

c) Failure to properly care for the bunkers during transport and/or delivery;

d) Improper blending and/or contamination of the bunkers.

15.     The Defendants are jointly, severally, or solitarily liable to PCS for breach of contract for failure to supply sound bunkers fit for their intended use or for their ordinary use and/or for breach of their warranty of workmanlike service under U.S. general maritime law or any other body of law that may be applicable.  Likewise, Defendants are jointly, severally, or solitarily liable to PCS for negligence under U.S general maritime law or any other body of law that may be applicable.

16.     The foregoing incident and damages were in no way caused or contributed to by PCS, or by anyone for whose conduct PCS is responsible, but were instead the result of and caused solely by the fault and neglect of the Defendants and/or their employees, agents, and/or representatives for whose conduct the Defendants are vicariously liable.

17.     All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and this Honorable Court.

18.     Plaintiff PCS reserves the right to amend or supplement its Complaint and further specify such other and further claims, causes of action, or different faults and negligence as the evidence may later disclose.

**WHEREFORE**, Plaintiff prays:

A.     That this Complaint for Damages be deemed good and sufficient;

B.     That process in due form of law according to the rules and practices of this Honorable Court issue against Defendants, Bunkerfuels Corporation and Westport Petroleum, Inc., citing them to appear and answer all and singular the matters aforesaid;

C.     That after due proceedings be had, a judgment be entered in favor of Plaintiff, Potash Corporation of Saskatchewan, and against the Defendants for the amount of Plaintiff's damages and attorney's fees as will be proven at trial, together with interest, costs, expenses, and disbursements of this action;

D.     That Plaintiff, PCS, be granted such other and additional legal or equitable relief and remedy to which it is entitled or which this Court deems appropriate.

Respectfully submitted,

/s/ *James W. Stroup*
James W. Stroup
Stroup & Martin, P.A.
Florida Bar No. 842117
119 Southeast 12th Street
Fort Lauderdale, FL 33316
Telephone: 954-828-2779
Facsimile: 954-462-0278
jstroup@strouplaw.com

**Attorneys for Plaintaiff,**
**Potash Corporation of Saskatchewan**

OF COUNSEL:

(See next page for co-counsel)

CHAFFE McCALL, L.L.P.
Kevin P. Walters
Texas State Bar No. 20818000
815 Walker Street, Suite 953
Houston, Texas 77002
Telephone:  713-546-9800
Facsimile:  713-546-9806

and

Alan R. Davis,
Louisiana Bar No. #31694
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000

# EXHIBIT "A"

**From:** mdipasqu@wfscorp.com [mailto:mdipasqu@wfscorp.com]
**Sent:** Tuesday, April 06, 2010 1:17 PM
**To:** OMS
**Subject:** {CONFIRMATION: BW SOMBEKE / NEW ORLEANS / 2422663}

06-APR-2010 17:13 GMT

```
TO              : OVERSEAS MARINE SERVICES INC
ATTN            : PATRICK McCARTHY
FROM            : BUNKERFUELS
```

THANK YOU FOR YOUR ORDER.
BUNKERFUELS CONFIRMS HAVING PLACED THE FOLLOWING FIRM ORDER:

```
VESSEL          : BW SOMBEKE
PORT            : NEW ORLEANS
DATE            : 11-APR-2010
AGENT           : K and C

SELLER          : BUNKERFUELS
SUPPLIER        : WESTPORT PETROLEUM  INC.
PAYMENT TERMS   : 30 DDD BY TT
BUYER           : MV BW SOMBEKE AND/OR MASTER AND/OR OWNERS, MESSRS.
                  OVERSEAS MARINE SERVICES INC

FUEL GRADE/SPEC : 380CST/ISO 8217:2005 RMG380
QUANTITY        : 1,200.00 MTONS
PRICE           : USD 477.00 / MTONS  EX-WHARF

EXPENSES        : BARGING (PER UNIT) USD 8.87 MTONS  380CST
```

* OVERTIME/DEMURRAGE/OTHER CHARGES (IF ANY) AT COST FOR BUYERS ACCOUNT.
* PLS ENSURE CLOSE COORDINATION BETWEEN AGENT/LOCAL SUPPLIER AT ALL TIMES.
* PLS INFORM US BY RETURN IF ANY ERRORS/OMISSIONS OR CHANGES IN THE ABOVE.

ALL SALES ARE ON THE CREDIT OF THE VSL. BUYER IS PRESUMED TO HAVE AUTHORITY TO
BIND THE VSL WITH A MARITIME LIEN.  DISCLAIMER STAMPS PLACED BY VSL ON THE
BUNKER RECEIPT WILL HAVE NO EFFECT AND DO NOT WAIVE THE SELLER'S LIEN.
THIS CONFIRMATION IS GOVERNED BY AND INCORPORATES BY REFERENCE SELLER'S GENERAL
TERMS AND CONDITIONS IN EFFECT AS OF THE DATE THAT THIS CONFIRMATION IS ISSUED.
THESE INCORPORATED AND REFERENCED TERMS CAN BE FOUND AT WWW.WFSCORP.COM.
ALTERNATIVELY, YOU MAY INFORM US IF YOU REQUIRE A COPY AND SAME WILL BE
PROVIDED TO YOU.

WHEN APPLICABLE BY LAW IN THE COUNTRY OF SUPPLY, BUNKER DELIVERY WILL COMPLY
WITH REGULATIONS 14 AND 18 OF MARPOL ANNEX VI

```
Mike DiPasquale
Bunkerfuels Corporation
Phone:  (732) 623-2400
Fax: (732) 623-2401
Mob: (908) 601-3998
Email: Mdipasqu@wfscorp.com
MSG#: 2422663
```

# EXHIBIT "B"

# Westport Petroleum, Inc

**WPI**

| Marine Fuel Bunker Delivery Receipt | WPI Bunker Order No.: 820533 |
|---|---|

| Vessel Name: B.W. Sombeke | 9292113 | Date of Delivery: Month / Day / Year 4 - 11 - 10 |
|---|---|---|

| Loading Terminal Location: IMTT AVONDALE | Barge Name: PBL 1101 | Delivery Location: AMA ANCH. |
|---|---|---|

## Product Information

| Grade Supplied | Gross Barrels | Net Barrels | Metric Tons |
|---|---|---|---|
| IF 38 | 7805.22 | 7628.22 | 1199.232 |

## Product Properties

| Fuel Grade | Viscosity@50C/122F | API @60F | Density @15C | Sulfur, %mass | Flash, Deg F |
|---|---|---|---|---|---|
| IF 380 | 340 | 11.3 | 990.1 | 3.78 | 184 |

| Fuel Grade | Pour, Deg F | Water (%v) | | | |
|---|---|---|---|---|---|
| IF 340 | 15 | .05 | | | |

Sampling Detail:  Acceptance of invitation to witness barge gauges: ___ Yes  ✓ No
Acceptance of invitation to witness product sampling: ___ Yes  ✓ No
Acceptance of invitation to witness Marpol sample: ___ Yes  ✓ No
Listed vessel & Marpol sample(s) of this delivery passed to ship's engineer: ✓ Yes  ___ No

| Fuel Grades | Sample/Seal # (vessel) | Sample/Seal # (WPI) | Sample/Seal # (WPI) | Sample/Seal # (Marpol) |
|---|---|---|---|---|
| IF 380 | 2648265 | 2648430 | 2640240 | 2648403 |

| Delivery Information | Month / Day / Year | Time | |
|---|---|---|---|
| Barge Alongside | 4 - 11 - 10 | 1740 | No disclaimer of any type will be accepted on the Bunker Receipt and if any words or disclaimers are applied, they will not alter, impair, or waiver WESTPORT PETROLEUM, INC.'s maritime lien against the vessel or affect the vessel's ultimate responsibility for the debt incurred through this transaction.  This sale is subject to the Westport Petroleum, Inc. Terms and Conditions for Bunker Sales. |
| Hose Connected | | 1920 | |
| Started Pumping | | 1845 | |
| Finished Pumping | | 2245 | **WPI Representative (Delivering Company)** |
| Hose Disconnected | | | By: _Richard Moore_ |
| Barge Away | 4 - 11 - 10 | | Date: 4 - 11 - 10   Time: 1740 |

All disputes arising from this sale shall be resolved in accordance with Maritime law of the United States of America.
Remarks:

Received for use as bunkers, together with representative sample(s), the quantities shown above. Exact quantities are subject to correction in case of error.

Master/Chief Engineer:

X_____   Date_____

*(stamp: BW SOMBEKE CHIEF ENGINEER)*

300 North Lake Ave., Suite 1020
Pasadena, CA  91101
Tel: 626-796-0033  Fax: 626-577-7850

Rev A 05

White (office)  Yellow(office)  Pink (office)  Gold(vessel)